# IN THE UNITED STATES NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG, WV

**JULIE ANN HAMSTEAD,**

       **Plaintiff,**

**v.**

**WEST VIRGINIA STATE POLICE,**
**TROOPER D.R. WALKER, in his official**
**capacity,**
**CITY OF RANSON, WEST VIRGINIA**
**SARGEANT KEITH SIGULINSKY,**
**CITY OF CHARLES TOWN, WEST**
**VIRGINIA**
**MASTER PATROLMAN JASON**
**NEWLIN, in his official capacity,**
**THE WEST VIRGINIA DIVISION OF**
**HIGHWAYS,**
**RODNEY D. HEDRICK, SR., in his official**
**capacity,**
**KYLE REED KOPPENHAVER**
**A.B., an unknown individual known as the**
**WVDOH "Muscle Man" on the 2016**
**Ranson-Charles Town Green Corridor**
**Fairfax Blvd. Project,**
**JEFFERSON CONTRACTING, INC., a**
**corporation,**
**JEFFERSON ASPHALT PRODUCTS**
**COMPANY, a corporation,**
**DALE DEGRAVE,**
**ALLEN SHUTTS,**
**JOHN TIMOTHY MORRIS,**
**WVU HOSPITALS – East, Inc., d/b/a**
**JEFFERSON MEDICAL CENTER,**
**KELLY HALBERT, RN, and,**
**X, Y and Z, unknown persons who**
**conspired and/or aided and abetted in the**
**fabrication**
**of false criminal charges against Julie**
**Hamstead,**

       **Defendants.**

**CIVIL ACTION NO.: 3:18-cv-79**
**HONORABLE GINA GROH**

**<u>DEFENDANTS CITY OF RANSON'S AND SERGEANT KEITH SIGULINSKY'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION DISMISS IN LIEU OF ANSWER</u>**

**NOW COME** Defendants the City of Ranson and Sergeant Keith Sigulinsky, by counsel, Keith C. Gamble, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC and file the following Memorandum of Law in Support of their Motion to Dismiss in Lieu of Answer.  In support of the Motion to Dismiss, these Defendants state the following in this memorandum of law.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Pertinent to these Defendants, Plaintiff alleges on April 25, 2016, she was at a construction site in the City of Charles Town, WV. *Plaintiff's Complaint* ¶18. The Complaint alleges Plaintiff went to the site to discuss with the workers when and where a certain part of the construction project would take place. *Plaintiff's Complaint* ¶ 18.  At some point prior to or during the discussion, a vehicle accident took place between the Plaintiff and another party.  Following the accident, according to Plaintiff, unknown parties contacted 911.  *Plaintiff's Complaint* ¶ 22.

Thereafter, Plaintiff claims three officers arrived on scene.  Plaintiff asserts a dispute then arose regarding the accident, and ultimately she was arrested by Trooper Walker.  As it relates to Defendant Sigulinsky, Plaintiff claims he "was present, witnessed, and participated in the events in the above mentioned private parking lot.  According to 911, Sigulinsky arrived at the scene prior to the accident in question and reported arriving on the scene at approximately 4:00 p.m. [Thereafter, he] provided Trooper Walker with a fabricated and false statement that he engaged in a long and detailed conversation with Plaintiff and further embellished his story stating that she physically ran into him prior to her arrest.  This false statement was provided to Trooper Walker and used by Trooper Walker in an attempt to justify the excessive use of force, Plaintiff's arrest, and ultimately the charges

2

against Plaintiff." *Plaintiff's Complaint* ¶ 48.  Thereafter, Plaintiff claims Sigulinsky "possessed actual knowledge of the fact that the parking lot where Plaintiff was arrested was a private parking lot but aided and abetted Trooper Walker in his scheme to use false charges to justify his excessive use of force." *Plaintiff's Complaint* ¶ 55.  She then claims Sigulinsky "aided, abetted, and conspired with Trooper Walker to carry out Walker's malicious scheme to overcharge Plaintiff so that she would be coerced and leveraged to plead to obstruction." *Plaintiff's Complaint* ¶ 59.

Plaintiff goes on to allege ten individual causes of action in her Complaint, in most cases without distinction, against all Defendants in each count.  Specifically, she alleges: Count IV: Malicious Prosecution; Count V: Void Disorderly Conduct and Obstruction Charges; Count VI: Aiding and Abetting Malicious Prosecution; Count VII: Battery; Count VIII: Aiding and Abetting Battery; Count IX: Negligence; Count X: Negligent or Intentional Infliction of Emotional Distress/Tort of Outrage; Count XI: Respondeat Superior; Count XII: Negligent Hiring, Training and Supervision; and, Count XIII: Obstruction of Justice.

Importantly, Plaintiff asserts the Complaint, and causes of action, are filed pursuant to "common law torts and violations of civil rights, including violations in the constitution and statutes of the United States." *Plaintiff's Complaint* ¶ 1.  Further, Plaintiff specifically alleges she was "falsely charged and maliciously prosecuted by Defendants for exercising her First Amendment constitutional right to free speech and her right to protest governmental action and to protest abuse of process by the government in exercise of its police powers and are thereby barred by the First Amendment to the United States Constitution." *Plaintiff's Complaint* ¶ 62.  Plaintiff also claims the Defendants participated in a "code of silence" when "observing a violation of a citizen's civil rights or when observing the fabrication of evidence to justify the deprivation of a citizens's liberty…" and/or that the

officers "[used] physical and excessive physical force on unarmed citizens." *Plaintiff's Complaint* ¶ 82 (f) and 82(b).

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss a Complaint if the same fails "to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) functions to test the formal sufficiency of the statement of the claim for relief, and is not a procedure for resolving a contest about the facts and merits of the case. *See Henegar v. Sears, Roebuck, & Co.*, 965 F.Supp.833 (N.D.W.Va. 1997). Dismissal of a Complaint for failure to state [a] claim is appropriate when it appears [with] certainty that Plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim. *Booth v. Old Nat. Bank*, 900 F.Supp. 836 (N.D.W.Va. 1995). Dismissal for failure to state a claim is granted only in cases in which allegations raised in the Complaint clearly demonstrate that Plaintiff does not have a claim and that no set of facts would support Plaintiff's claim. *Id.* at 837.

## III. LEGAL ARGUMENT

### A. Defendant City Of Ranson Should Be Dismissed As The City Is Immune Pursuant To West Virginia Code §29-12A-4

The City of Ranson raises the immunities provided in W.Va. Code §§ 29-12A-*et seq.* in response to Plaintiff's Complaint. The City of Ranson is a recognized political subdivision under West Virginia law. Pursuant to West Virginia Code §29-12A-4(c)(4), political subdivisions are liable for injury or loss to persons "caused by the *negligent* performance of acts by their employees while acting within the scope of employment." *See W.Va. Code §29-12A-4(c)(4)* (*emphasis added*). Political subdivisions, however, are not liable for alleged intentional acts of employees. In *Mallamo*

4

*v. Town of Rivesville*, 477 S.E. 2d 525 (1996), the Court was clear a political subdivision cannot be held liable for "intentional claims" pursuant to the West Virginia Tort Claims Act. As stated, "In that conspiracy is an intentional act, not a negligent one, the Town of Rivesville would not be liable for any intentional malfeasance on the part of Wilson…. The Town of Rivesville is, therefore, immune from liability." *Mallamo* at 533 – 534. See also *Zirkle v. Elkins*, 221 W. Va. 409, 414 (2007) (We therefore conclude that claims of intentional and malicious acts are included in the general grant of immunity in *W.Va.Code,* 29–12A–4(b)(1).)

In this matter, Plaintiff's claims stem from her alleged treatment and/or arrest following an incident at a construction site. Importantly, Plaintiff has alleged claims, against all Defendants, for Malicious Prosecution (claiming false charge of destruction of property); Void Disorderly Conduct and Obstruction Charges (claiming defendants attempt to conceal unlawful actions); Aiding and Abetting Malicious Prosecution; Battery; Aiding and Abetting Battery; Intentional Infliction of Emotional Distress/Tort of Outrage; and Obstruction of Justice (claiming malicious concealment of exculpatory evidence). And while Plaintiff may not utilize the term "intentional" for each count, the allegations presented on the face of the Complaint are clearly asserted as "intentional acts." For this reason, any claims based on intentional acts, and those specifically asserted in Counts IV-VIII, X and XIII, the City of Ranson should be dismissed pursuant to *W.Va. Code §29-12A-4(c)(4)*, and the holdings in *Mallamo* and *Zirkle*.

Additionally, in Count XI: Respondeat Superior, Plaintiff asserts a "catch all" claim designed to hold the City liable for the alleged acts of Defendant Sigulinsky. As already stated above, the Plaintiff has alleged Sigulinsky's actions in this matter were intentional acts and therefore, accepting the manner in which the action is plead, the City is immune pursuant to W.Va. Code 29-12A-4(c).

5

For this reason, in addition to dismissing Counts IV-VIII, X and XIII, against the City, Plaintiff's

Count XI should also be dismissed as to the City of Ranson as the basis for these claims are alleged

intentional acts and therefore subject to the same immunity provision.

**B.      Plaintiff's Count XI,  Respondeat Superior, In The Alternative, Should Be Dismissed As The Same Fails To Establish A Claim Under _Monell_**

In Count XI, Plaintiff asserts a conclusory cause of action against the West Virginia State

Police, the City of Charles Town and the City of Ranson for _respondeat superior_.  Plaintiff claims

these three entities are liable for the acts of their agents, who are also Defendants, for vicarious

liability. _Plaintiff's Complaint_ ¶ 79.  In the alternative, as it appears federal claims have been asserted,

Plaintiff's claims for _respondeat superior_ should be dismissed for failure to state a claim pursuant to

_Monell_.  For Plaintiff to properly assert a claim against the Defendant City, Plaintiff must make a

showing the City exhibited "deliberate indifference" to the Constitutional protections of the Plaintiff

which she fails to allege.

A Defendant, such as the City of Ranson, cannot be held liable under 42 U.S.C §1983 on a

basis of _respondeat superior_, as liability must stem directly from acts of the municipal Defendant, and

not from an employee or agent of the entity.  As stated in _Monell v. New York City_, 436 U.S. 658

(1978), "[I]n enacting _§ 1983_, Congress did not intend to impose liability on a municipality unless

_deliberate_ action attributable to the municipality itself is the moving force behind the plaintiff's

deprivation of federal rights."  _Monell_ v. _New York City Dept. of Social Servs.,_ 436 U.S. 658, 694

(1978).  The _Monell_ holding has continued, and expanded, in jurisprudence today and it is clear,

"while Congress never questioned its power to impose civil liability on municipalities for their _own_

illegal acts, Congress did doubt its constitutional power to impose such liability in order to oblige

6

municipalities to control the conduct of *others* (citing *Monell,* 436 U.S. at 665-683). We have consistently refused to hold municipalities liable under a theory of *respondeat superior*." *Pembaur* v. *Cincinnati,* 475 U.S. 469,479 (1986). As further stated by the Unites States Supreme Court,

> As our *§ 1983* municipal liability jurisprudence illustrates, however, it is not enough for a *§ 1983* plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a *direct causal* link between the municipal action and the deprivation of federal rights.

*Bd. of the County Comm'Rs v. Brown*, 520 U.S. 397, 406 (1997) (*emphases added*).

As plead, Plaintiff presents no substantive claim suggesting the City has any "causal link" to Plaintiff's claims and/or that the City was a "moving force" in the events alleged. Given the lack of any such factual pleading, the claims asserted by the Plaintiff in Count XI should be dismissed as the same seeks redress for *respondeat superior* which fails to state a claim under §1983 claims.

**C.**      **Plaintiff's Battery Claim As To Defendant Sigulinsky Should Be Dismissed For Failure To State A Claim.**

In Count VII: Battery, Plaintiff alleges Defendant Walker caused harmful and offensive contact against the Plaintiff. Thereafter, however, Plaintiff alleges "all other Defendants stood by and watched as Plaintiff was physically abused, *doing and saying nothing* to stop the abuse even thought their actions had instigated the abuse." *Plaintiff's Complaint* ¶ 68. (*emphasis added*).

A battery under West Virginia law occurs when a party: (a) [party] acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and, (b) a harmful contact with the person of the other directly or indirectly results." *Tolliver v. Kroger*, Co. 201 W.Va. 509, 517 (1997). The key essential element to

a battery, however, is the need for "contact."  *See by example Smith v. Berlin*. No. 3:12-CV-7358, 2014 WL 4929468, at *8–9 (S.D.W. Va. Sept. 30, 2014) (Essential to a claim of battery is the element of contact.)

At no point in Plaintiff's Complaint does she allege that Defendant Sigulinsky purposefully touched her.  In fact, based on Plaintiff's Complaint, when the alleged battery was taking place, Plaintiff claims the other Defendants "stood by and watched" and/or "[did] and [said] nothing." *Plaintiff's Complaint* ¶68. Obviously, if Sigulinsky "did nothing" then he could not have committed a battery on the Plaintiff.  Accepting Plaintiff's allegations in the Complaint as true, Plaintiff's allegation that Sigulinsky battered the Plaintiff fails to state a claim upon which relief can be given.

**D.**  **Plaintiff's Claims In Count IX For Negligence And Count X For Negligent Infliction Of Emotional Distress Should Be Dismissed As To The City Of Ranson And Sgt. Sigulinsky Based On The Facts Alleged In Plaintiff's Complaint**

In this matter, Plaintiff asserts ten separate allegations against all the Defendants.  The factual allegations in the Complaint, and the corresponding Counts, are all grounded in alleged intentional acts against the Defendants.  In fact, the Plaintiff asserts repeatedly that the Defendants alleged acts were designed and/or undertaken to harm the Plaintiff.  For example, Plaintiff claims in Count VII and VIII the Defendants, collectively, "instigated the abuse," "assisted, encouraged, aided and abetted" the battery of the Plaintiff. *Plaintiff's Complaint* ¶ 68 and ¶ 71.

Given the Plaintiff has alleged, without qualification, the Defendants acts in this matter were intentional and malicious in nature, thereafter the allegations the Defendants were "negligent," simply cannot stand.  As has been stated in *Turk v. Norfolk & W. Ry. Co.*, 84 S.E. 569, (1915), "An action for a willful injury is not supported by a finding that the injury was the result of gross negligence." *Turk* at 570.   See also, *Smith v. Lusk*, 533 F. App'x 280, 284 (4th Cir. 2013) (At the outset, we

8

observe that the district court correctly determined that the plaintiffs could not prevail on a claim of simple negligence based on Lusk's intentional act.); *Stone v. Rudolph,* 127 W.Va. 335, 32 S.E.2d 742, 748 (1944) (intentional acts are not encompassed by general negligence principles).); *Kennedy v. Riffle*, No. 1:15CV87, 2015 WL 5031743, at *2 (N.D.W. Va. Aug. 25, 2015) (Courts have long distinguished between wanton or willful conduct and mere negligence); *Groves v. Groves,* 158 S.E.2d 710, 713 (W.Va.1968). (Negligence "conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive.")

Plaintiff's factual assertions in this matter are all based on alleged intentional and malicious acts by the Defendants.  To this end, Plaintiff cannot logically, nor legally, assert claims for negligence as it relates to the exact same factual allegations.  For the reasons stated above, Count IX for negligence and Count X for Negligent or Intentional Infliction of Emotional Distress should be dismissed as to Defendants City of Ranson and Sgt. Sigulinsky.

**E.**      **These Defendants Are Immune From Punitive Damages**

In Count XV – Prayer for Relief, Plaintiff seeks "b.  Punitive damages, as may be permitted by law against such Defendants as were grossly negligent, reckless, and/or engaged in intentional misconduct."

Political subdivisions and their employees are immune from punitive damages pursuant to West Virginia Code § 29-12A-7(a) and therefore any claims for punitive damage should be dismissed.

The West Virginia Tort Claim Act, W.Va. Code §§ 29-12A-1 *et. seq*. reads in relevant part:

**Notwithstanding any other provisions of this code or rules of a court to the contrary, in an action against a political subdivision or its employee** to recover damages for injury, death, or loss to persons or property for injury, death, or loss to persons or property caused by an act or omission of such political subdivision or employee:

(a) In any civil action involving a **political subdivision or any of its employees** as a party defendant, an award of punitive or exemplary damages against such political subdivision is prohibited.

…

*W. Va. Code § 29-12A-7. (emphasis added)*

Accordingly, the law is clear punitive damages are prohibited against a political subdivision and its employees as it relates to any punitive claims asserted by a Plaintiff.  Therefore, as Plaintiff has demanded punitive damages  against Defendant Sigulinsky and/or the City of Ranson, the claims for punitive damages should be dismissed pursuant to W. Va. Code § 29-12A-7.

**F.      Plaintiff's Count V – Void Disorderly Conduct and Obstruction Charges and Count XIII – Obstruction Of Justice, Should Be Dismissed As To All Defendants As The Same Do Not Assert Viable Private Causes Of Action**

Plaintiff in this matter has asserted two separate causes of action against the Defendants that do not appear to be recognized causes of action under West Virginia law.

In Count V of Plaintiff's Complaint, Plaintiff asserts a claim collaterally attacking criminal charges for disorderly conduct and obstruction of an officer.  Plaintiff's allegations, as to this Count, are conclusory at best and offer no legal basis to assert a private cause of action.  For these reasons, and without any supporting basis for the claim, Count V of Plaintiff's Complaint should be dismissed as to these Defendants.

In similar fashion, Plaintiff's Count XIII – Obstruction of Justice, asserts claims against the Defendants for a variety of actions, or inactions, associated with the alleged moving of her vehicle and participation in an alleged "code of silence."  While Obstruction is a recognized criminal act pursuant to West Virginia Code § 61-5-17, there does not appear to be an individually recognized civil cause of action for such a claim.  As there is no individual basis for this claim, Count XIII should also be dismissed as to these Defendants.

## IV. CONCLUSION

Plaintiff's Complaint in this matter fails in various manners on all Counts against these Defendants. For the reasons more fully detailed above, these Defendants move to dismiss Plaintiff's Complaint, against these Defendants.

**WHEREFORE** Defendants the City of Ranson and Sergeant Keith Sigulinsky respectfully move this Honorable Court to GRANT their Motion to Dismiss in Lieu of Answer and dismiss these Defendants from all claims, with prejudice, and any other remedy as the Court sees fit.

Dated this 22nd day of May, 2018.

> **Defendants the City of Ranson and Sergeant Keith Sigulinsky, By Counsel:**

> _/s/ Keith C. Gamble_
> Keith C. Gamble, WV State Bar No. 7971

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
2414 Cranberry Square
Morgantown, WV  26508
Telephone:     (304) 225-2200
Facsimile:     (304) 225-2214

11

**IN THE UNITED STATES NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**JULIE ANN HAMSTEAD,**

       **Plaintiff,**

**v.**

**WEST VIRGINIA STATE POLICE,
TROOPER D.R. WALKER, in his official
capacity,
CITY OF RANSON, WEST VIRGINIA
SARGEANT KEITH SIGULINSKY ,
CITY OF CHARLES TOWN, WEST
VIRGINIA
MASTER PATROLMAN JASON
NEWLIN, in his official capacity,
THE WEST VIRGINIA DIVISION OF
HIGHWAYS,
RODNEY D. HEDRICK, SR., in his official
capacity,
KYLE REED KOPPENHAVER
A.B., an unknown individual known as the
WVDOH "Muscle Man" on the 2016
Ranson-Charles Town Green Corridor
Fairfax Blvd. Project,
JEFFERSON CONTRACTING, INC., a
corporation,
JEFFERSON ASPHALT PRODUCTS
COMPANY, a corporation,
DALE DEGRAVE,
ALLEN SHUTTS,
JOHN TIMOTHY MORRIS,
WVU HOSPITALS – East, Inc., d/b/a
JEFFERSON MEDICAL CENTER,
KELLY HALBERT, RN, and,
X, Y and Z, unknown persons who
conspired and/or aided and abetted in the
fabrication of false criminal charges against
Julie Hamstead,**

       **Defendants.**

**CIVIL ACTION NO.: 3:18-cv-79
HONORABLE GINA GROH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 22nd of May, 2018, I presented the foregoing ***Defendants City Of Ranson's And Sergeant Keith Sigulinsky's Memorandum Of Law In Support Of Their Motion Dismiss In Lieu Of Answer*** to the Clerk of the Court for filing and uploading to the CM/ECF system and the Clerk will notify counsel as follows: **Braun Hamstead, Esq.,** bhamstead@hamsteadandassociates.com, *Counsel for Plaintiff*; **Duane Ruggier, II, Esq.,** druggier@pffwv.com, *Counsel for City of Charles Town and Jason W. Newlin*; **Edward Levicoff, Esq.,** elevicoff@levicofflaw.com, *Counsel for Jefferson Contracting, Inc., Jefferson Asphalt Products Company, Dale Degrave, John T. Morris and Allen Shutts*; **Alex Greenberg, Esq.,** alex.greenberg@dinsmore.com, **Christine Vaglienti, Esq.,** vaglientic@wvumedicine.org, **Jennifer Mitchell, Esq.,** jennifer.mitchell@dinsmore.com, *Counsel for WVU Hospital d/b/a Jefferson Memorial Hospital* **Joseph Cramer, Esq.,** jcramer@shumanlaw.com, *Counsel for the West Virginia Department of Highways, and Rodney D. Hedrick, Sr.*, **Monte Williams, Esq.,** monte.williams@steptoe-johnson.com, **Mark Jeffries Esq.,** mark.jeffreies@steptoe-johnson.com, and **Katherine Moore, Esq.,** Katie.moore@steptoe-johnson.com, *Counsel for the West Virginia State Police and Trooper D.R. Walker.*

*/s/ Keith C. Gamble*

Keith C. Gamble, WV State Bar No. 7971

13