**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JULIE ANN HAMSTEAD,**

        Plaintiff,

**v.**                                **CIVIL ACTION NO.: 3:18-CV-79**
                                               **(GROH)**

**WEST VIRGINIA STATE POLICE,
TROOPER D.R. WALKER,**
 **in his official capacity,**

**CITY OF RANSON, WEST VIRGINIA**

**SERGEANT KEITH SIGULINSKY,**

**CITY OF CHARLES TOWN, WEST VIRGINIA**

**MASTER PATROLMAN JASON NEWLIN,**
**in his official capactiy,**

**THE WEST VIRGINIA DIVISION OF HIGHWAYS,**

**RODNEY D. HEDRICK, SR. In his official capacity,**

**KYLE REED KOPPENHAVER, in his official capacity,**

**AB an unknown individual known
as the West Virginia Department of Highways
"Muscle Man" on the 2016 Ranson-
Charles Town Green Corridor
Fairfax Boulevard Project,**

**JEFFERSON CONTRACTING, INC.,**
**a corporation,**

**JEFFERSON ASPHALT PRODUCTS COMPANY,**
**a corporation,**

**DALE DEGRAVEM,**

**ALLEN SHUTTS,**

**JOHN TIMOTHY MORRIS,**

**WEST VIRGINIA UNIVERSITY**
**HOSPITALS-EAST, INC., doing**
**business as Jefferson Medical Center,**

                    Defendants.

## FIRST ORDER AND NOTICE REGARDING DISCOVERY AND SCHEDULING CONFERENCE

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Local Rule of Civil Procedure ("LR Civ P") 16.01 and 26.01 it is hereby **ORDERED** that:

| | |
|---|---|
| **1. Initial Planning Meeting**<br>   On or before: **June 21, 2018** | **3. Initial Disclosures**<br>   On or before: **July 23, 2018** |
| **2. Meeting Report**<br>   On or before: **June 28, 2018** | **4. Scheduling Conference:**<br>   **July 5, 2018 at 1:00 PM** |

(1)  **Initial Planning Meeting**: Pursuant to Fed. R. Civ. P. 16 and 26(f) and LR Civ P 16.01(b), parties to this action shall meet in person or by telephone on or before **June 21, 2018**.  At this meeting, the parties shall discuss all matters required by Fed. R. Civ. P. 16 and 26(f) and LR Civ P 16.01(b).

(2)  **Meeting Report and Proposed Discovery Plan:** Pursuant to Fed. R. Civ. P. 26(f) and LR Civ P 16.01(c), the parties shall submit to this Court a written report on the results of the initial discovery meeting on or before **June 28, 2018**.  This report shall include the parties' report on those matters set forth in LR Civ P 16.01(b)(1-5) and 16.01(c) and the parties' discovery plan as required by Fed. R. Civ. P. 26(f). The parties' report on their meeting shall be considered by this Court as advisory only. Parties and counsel are subject

to sanctions as set forth in Fed. R. Civ. P. 16(f) and LR Civ P 37.01 for failure to participate in good faith in the development and submission of a meeting report and proposed discovery plan.

(3) **Initial Discovery Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(1) and LR Civ P 26.01(a), each party shall provide to every other party the initial discovery disclosures required under Fed. R. Civ. P. 26(a)(1) on or before **July 23, 2018**.

(4) **Telephonic Scheduling Conference:** Upon receipt of the meeting report and proposed discovery plan, this Court will conduct a telephonic scheduling conference on **July 5, 2018, at 1:00 p.m.  The Court will initiate the phone conference using the telephone numbers provided in CM/ECF.  The parties are directed to contact the Court no later than 11:00 a.m. on July 5, 2018, if a different number is to be utilized for this call**.  The Court will review dates for the thirteen (13) items listed on the Scheduling Conference Checklist enclosed herewith. Pursuant to LR Civ P 16.01(e), a scheduling order will be entered thereafter.

The Clerk is directed to transmit copies of this Order to counsel of record herein along with copies of this Court's Scheduling Order Checklist.

**DATED:** May 22, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

## Guidelines for Completing the Scheduling Order Checklist

As part of the Rule 26(f) Report, the parties **MUST** complete and return the attached Scheduling Order Checklist.  In completing this checklist, the parties should be guided by the following general timeline for scheduling in this Court, as well as any applicable federal or local rules.  Of course, the parties are free to request any compression or extension of these general guidelines that they feel is warranted by the facts of a particular case.

It is generally easiest to work backwards when completing this checklist.  The parties must first decide a date upon which their case will be ready for trial (the month and year will suffice).  Civil trials in this Court generally begin on the second and fourth Tuesday of each month.  Once a trial date is decided, the following general rules apply:

1.     The Final Pretrial Conference should be set on a Friday 2 weeks before the Trial.

2.     The Joint Final Pretrial Conference Order is due 1 week before the Final Pretrial Conference.

3.     Pretrial Disclosures pursuant to Fed. R. Civ. P. 26(a)(3), Jury Instructions, Voir Dire, Verdict Forms, and Motions *in Limine* are all due 1 month before the Final Pretrial Conference.  Objections to the same are due 2 weeks before the Final Pretrial Conference.

4.     Dispositive Motions must be filed 10 weeks before the Final Pretrial Conference.

5.     The Discovery Completion date should be 1 month before Dispositive Motions are due.

6.     Examinations/Inspections should be completed 8 weeks before Discovery Completion.

7.      Expert Disclosures by the party with the burden should be made 8 weeks before Discovery Completion.

8.      Expert Disclosures by the party without the burden should be made 4 weeks before Discovery Completion.

9.      Any Joinder and/or Amendments must be made 10 weeks before Discovery Completion.

10.     Mediation must be completed 1 week before the Final Pretrial Conference.

11.     Intermediate Pretrial Conferences are always upon request.  If a situation arises which the parties feel warrants an intermediate pretrial conference, then the parties are free to so move.

Upon receipt of the parties' Rule 26(f) Report and Scheduling Order Checklist, the Court will review the parties' proposed dates and verify that there are no conflicts with the Court's existing schedule.  If a conflict does exist, the Court will change the parties' proposed date to the nearest date/time which the Court can accommodate.  The Court will inform the parties of any changes at the telephonic Scheduling Conference.  If the parties do not wish to have a telephonic scheduling conference and choose to waive the same, then the Court will simply enter a Scheduling Order containing the parties' proposed dates as modified by the Court.  Any objections to the Court's Scheduling Order can be raised via motion.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


_____
Plaintiff(s),

v.

CIVIL ACTION NO.: _____


_____
Defendant(s).


**<u>SCHEDULING ORDER CHECKLIST</u>**

ATTORNEYS

1. INTERMEDIATE PRETRIAL CONFERENCE

<u>Upon request</u>

2. MEDIATION          Before -          _____

3. JOINDER AND AMENDMENTS

_____

4. EXPERT DISCLOSURE

    a. With Burden      _____

    b. Without Burden   _____

5. EXAMINATION/INSPECTIONS

_____

6. DISCOVERY COMPLETION      _____

7. DISPOSITIVE MOTIONS      _____

8. PRETRIAL DISCLOSURES, FED R. CIV PRO 26(a) 3

                         _____

        a. Objections       _____

9. JURY INSTRUCTIONS, VOIR DIRE and VERDICT FORMS

                         _____

        a. Objections       _____

10. MOTIONS IN LIMINE       _____

        a. Objections       _____

11. JOINT FINAL PRETRIAL CONFERENCE ORDER

                         _____

12. FINAL PRETRIAL CONFERENCE  _____

13. TRIAL                     _____

      (If non-jury trial, Proposed Findings of Fact
      and Conclusions of Law are to be filed with Court
      and opposing counsel _____)

14. CONFERENCE REQUESTED BEFORE     YES  /  NO
    ENTRY OF SCHEDULING ORDER?