## IN THE UNITED STATES NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG DIVISION

**JULIE ANN HAMSTEAD,**

        Plaintiff,

v.                                                              **CIVIL ACTION NO.: 3:18-CV-79**
                                                                       **HON. JUDGE GINA M. GROH**

**WEST VIRGINIA STATE POLICE,**
**TROOPER D.R. WALKER,**
in his official capacity,
**CITY OF RANSON, WEST VIRGINIA**
**SARGEANT KEITH SIGULINSKY,**
**CITY OF CHARLES TOWN, WEST**
**VIRGINIA.**
**MASTER PATROLMAN JASON**
**NEWLIN,** in his official capacity,
**THE WEST VIRGINIA DIVISION OF**
**HIGHWAYS,**
**RODNEY D. HEDRICK, SR.,** in his official
capacity,
**KYLE REED KOPPENHAVER**
**A.B.,** an unknown individual known as the
WVDOH "Muscle Man" on the 2016
Ranson-Charles Town Green Corridor
Fairfax Blvd. Project,
**JEFFERSON CONTRACTING, INC.,** a
corporation,
**JEFFERSON ASPHALT PRODUCTS**
**COMPANY,** a corporation,
**DALE DEGRAVE,**
**ALLEN SHUTTS,**
**JOHN TIMOTHY MORRIS,**
**WVU HOSPITALS – East, Inc.,** d/b/a
**JEFFERSON MEDICAL CENTER,**
**KELLY HALBERT, RN,** and,
**X, Y and Z,** unknown persons who
conspired and/or aided and abetted in the
fabrication
of false criminal charges against Julie
Hamstead,

        Defendants.

**MEMORANDUM IN SUPPORT OF**
**THE CHARLES TOWN GENERAL HOSPITAL**
**D/B/A/ JEFFERSON MEDICAL CENTER'S**
**MOTION TO DISMISS**

**NOW COMES** Defendant The Charles Town General Hospital d/b/a Jefferson Medical Center (improperly denominated in the Complaint as Defendant WVU Hospitals-East, Inc. d/b/a Jefferson Medical Center) ("JMC"), by counsel, and files the following Memorandum of Law in Support of its Motion to Dismiss. For the reasons discussed in detail below, Plaintiff has failed to state a claim against JMC upon which relief can be granted, and, pursuant to *Fed. R. Civ. P.* 12(b)(6), Plaintiff's claim against JMC must be dismissed.

### I. FACTUAL BACKGROUND

Plaintiff alleges, throughout the body of her Complaint, that multiple Defendants engaged in various acts of fraudulent and improper conduct and, as a result, she was subjected to excessive force in conjunction with a purportedly unlawful arrest that occurred on or about April 25, 2016. *See Complaint*.

Plaintiff alleges that the whole ordeal started when she intended to "pursue a protest of [a] planned government action" relating to sidewalk construction. *Complaint*, ¶¶ 16, 17. She alleges that she drove to a parking lot near the sidewalk project, where she was involved in a relatively minor car accident with a vehicle being driven by employees of the construction company working on the sidewalk project. *Complaint*, ¶¶ 18, 19.

When law enforcement arrived to the scene, Plaintiff alleges that a fiasco ensued with multiple defendants, including representatives and employees of the construction company, the West Virginia Department of Highways, and the West Virginia State Police. *Complaint*, ¶¶ 21 – 37. Most pertinent to this Motion, Plaintiff alleges that she suffered injuries when Trooper D. R. Walker used excessive force while placing her under arrest. *Complaint*, ¶¶ 28 - 30.

2

Following her arrest, Plaintiff alleges that Trooper Walker took her to Jefferson Medical Center. Upon their arrival, Trooper Walker allegedly "pushed Plaintiff into the emergency room by her injured left arm, causing her to cry out in pain in front of hospital staff who were present, including Defendant Kelly Halbert." *Complaint*, ¶¶ 38, 39. Plaintiff alleges that JMC representatives subsequently advised that they do not have video footage of the hospital's entrance from the day in question. *Complaint*, ¶ 40.

With this background, out of the ninety-five (95) paragraphs contained in the Complaint, *all* of the allegations against JMC are contained in Paragraph 41 of Plaintiff's Complaint:

> 41. The Hospital [JMC] staff advised Trooper Walker that Plaintiff had suffered a possible muscle tear to her left arm. However, in an effort to cover up [Trooper Walker's] excessive use of force in Plaintiff's arrest, and to conceal his battery and the resulting injuries to Plaintiff, Trooper Walker conspired with Defendant Kelly Halbert, RN, to violate Plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and obtained from Kelly Halbert a false statement to the effect that Plaintiff had suffered no injuries and that [Plaintiff] was abusive to Trooper Walker while in the hospital. Nurse Halbert's written statement was not provided to Trooper Walker as a result of a Court Order, Subpoena or Warrant and was not exempt from nondisclosure under 45 C.F.R. § 164.512(f) or otherwise.

*Complaint*, ¶41. Again, this is the only paragraph in the Complaint that makes direct allegations against JMC or its alleged employee, Defendant Kelly Halbert, RN ("Nurse Halbert").[1]

In short, all of the allegations relating to JMC in this entire lawsuit can be boiled down to a <u>single sentence</u>: Nurse Halbert allegedly conspired with Trooper Walker to violate Plaintiff's HIPAA rights by providing a false statement that Plaintiff suffered no injuries.

Nonetheless, Plaintiff goes on to allege ten individual causes of action in her Complaint, in most cases without distinction, against all Defendants in each count. Specifically, she alleges: Count IV: Malicious Prosecution; Count V: Void Disorderly Conduct and Obstruction Charges;

---

[1] Notably, upon information and belief, Plaintiff has not served Nurse Halbert with the Summons and Complaint.

3

Count VI: Aiding and Abetting Malicious Prosecution; Count VII: Battery; Count VIII: Aiding and Abetting Battery; Count IX: Negligence; Count X: Negligent or Intentional Infliction of Emotional Distress/Tort of Outrage; Count XI: Respondeat Superior; Count XII: Negligent Hiring, Training and Supervision; and, Count XIII: Obstruction of Justice.

Notably, Plaintiff does not even attempt to explain or allege how JMC could be held liable for any of the ten causes of action. It would appear Plaintiff's ten claims as to JMC are entirely premised on an alleged HIPAA violation.

As elaborated upon below, because there is no private right of action under HIPAA, Plaintiff has failed to state a claim against JMC upon which relief can be granted. Thus, Plaintiff's claims against JMC must be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(6).

## II. LAW AND ARGUMENT

### A. Standard of Review.

A motion to dismiss filed pursuant to Rule 12(b)(6) is meant to test the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) … and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.*

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). As the United States Supreme Court has explained, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In reviewing a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Importantly, however, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *See Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.,* at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, a court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1999).

Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is *plausible on its face*.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (emphasis added). This "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F. 3d at 193 (quoting *Twombly*, 550 U.S. at 570). Stated differently, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of 'entitlement to relief.''" *Id*. (quoting *Twombly*, 550 U.S. at 557). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief,'" and thus does not meet the plausibility standard. *See Iqbal*, 556 U.S. at 679 (citing *Fed. R. Civ. P.* 8(a)(2)). Plaintiff's claims against JMC do not satisfy these basic pleading standards.

## B. Plaintiff does not have any valid causes of action based upon an alleged HIPAA violation, because there is no private right of action under HIPAA.

While Plaintiff does not allege any specific cause of action for violation of the Health Insurance Portability and Accountability Act of 1996 and/or its implementing regulations ("HIPAA"), the Complaint does include a broad and conclusory allegation regarding an alleged HIPAA violation by a JMC nurse, Nurse Halbert. However, this allegation does not lead to viable causes of action against JMC for one simple reason: HIPAA does not provide grounds for individuals to sue for HIPAA violations, as a matter of law.

Even assuming *arguendo* for purposes of this Motion only that Nurse Halbert violated HIPAA in providing information to Trooper Walker, Plaintiff's claims against JMC must be dismissed. The case law on this issue is clear. There is no private cause of action allowed to an individual to sue for a violation of HIPAA or any of its regulations.

While the Fourth Circuit has yet to formally address whether HIPAA creates a private cause of action, the controlling precedent in the Fourth Circuit and nationwide, including this district, establishes that HIPAA does not provide for a private right of action. *See Regan v. U.S. Dep't of Veterans Affairs*, 518 F. App'x 160, 160 (4th Cir. 2013) (affirming the judgment of the district court that HIPAA does not provide a private right of action without considering the issue because the plaintiff had waived the issue by not objecting). *See also, Brown v. Miller*, 2016 U.S. Dist. LEXIS 11873, at *17-18 (N.D.W. Va. Feb. 2, 2016) (Keeley, J.) (dismissing a claim with prejudice because "no private right of action exists under HIPAA"); *Standiford v. Rodriguez-Hernandez*, 2010 U.S. Dist. LEXIS 96743, 2010 WL 3670721, at *4 (N.D.W. Va. Sept. 20, 2015) (Stamp, J.) ("Because HIPAA does not provide for a private right of action, however, the plaintiff has not stated a cognizable claim"); *Carte v. United States*, 2010 U.S. Dist. LEXIS 87387, 2010 WL 3259420, at *8 (S.D.W. Va. Aug. 18, 2010) (Copenhaver, J.) (granting the

6

defendant's motion for summary judgment and holding that no private right of action exists under HIPAA).

Accordingly, because Plaintiff's claims against JMC are based entirely on an alleged violation of HIPAA, Plaintiff has not stated a cognizable claim. Her claims are void *ab initio*, devoid of merit, and must be dismissed with prejudice.

    **C.**    **Plaintiff does not allege any other valid cause of action against JMC.**

Generally speaking, Plaintiff appears to allege that all Defendants (without distinction) "conspired with" or "aided-and-abetted" other Defendants that were allegedly responsible for using excessive force in conjunction with a purportedly unlawful arrest. To the extent Plaintiff's claims against other Defendants fail because those Defendants are immune from such claims, it follows that Plaintiff would not be able to prevail against JMC for those same claims. As an example, if the City of Ranson is immune for alleged intentional acts of its employees, then it follows that JMC could not be held liable for allegedly conspiring or aiding-and-abetting the City of Ranson in an activity for which it is provided immunity.

Further, Plaintiff has brought numerous causes of action that simply: (1) could not conceivably be brought against JMC (*e.g.*, Count IV: Malicious Prosecution; Count VII: Battery); or (2) are not recognized under West Virginia jurisprudence (*e.g.*, Count V: Void Disorderly Conduct and Obstruction Charges; Count XIII: Obstruction of Justice). Because Plaintiff does not allege any facts that would subject to JMC to liability in any of her ten causes of action, JMC will not undertake the unnecessary practice of outlining how Plaintiff would be unable to prevail against it in relation to her ten different causes of action.

Rather, the only allegation that could be used to support any cause of action against JMC is the purported HIPAA violation. As recognized by Judge Stamp, "[b]ecause HIPAA does not

7

provide for a private right of action, however, the plaintiff has not stated a cognizable claim." *Standiford v. Rodriguez-Hernandez*, 2010 U.S. Dist. LEXIS 96743, 2010 WL 3670721, at *4 (N.D.W. Va. Sept. 20, 2015).

Other than this purported HIPAA violation, Plaintiff does not even attempt to explain or assert how JMC could be held liable for any of the ten causes of action listed in her Complaint. Under the 12(b)(6) standards promulgated in *Iqbal* and *Twombly*. Plaintiff has failed to state a claim upon which relief can be granted because her complaint fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added).

## IV.    CONCLUSION

Based on the foregoing, JMC respectfully submits that Plaintiff has failed to state a claim against it upon which relief can be granted. Thus, pursuant to *Fed. R. Civ. P.* 12(b)(6), Plaintiff's claims against this Defendant must be dismissed.

Respectfully submitted,

***The Charles Town General Hospital d/b/a Jefferson Medical Center***

By Counsel

/s/ Alex M. Greenberg
Alex M. Greenberg (WV State Bar No. 12061)
Dinsmore & Shohl LLP
215 Don Knotts Boulevard, Suite 310
Morgantown, WV 26501
Telephone: (304) 225-1100
Facsimile: (304) 296-6116
Email: alex.greenberg@dinsmore.com

        Jennifer O. Mitchell (OH Bar No. 0069594)
        (*pro hac vice*)
        Dinsmore & Shohl LLP
        255 E. Fifth Street, Suite 1900
        Cincinnati, OH 45202
        Telephone: (513) 977-8364
        Facsimile: (513) 977-8141
        Email: jennifer.mitchell@dinsmore.com

        and

        Christine S. Vaglienti (W.Va. State Bar No. 4987)
        Asst. Vice President and Senior Litigation Counsel
        West Virginia University Health System, Inc.
        Legal Services
        1238 Suncrest Towne Centre
        Morgantown, West Virginia 26505
        Telephone: 304/598-4199
        Facsimile: 304/598-9888
        vaglientic@wvumedicine.org

### IN THE UNITED STATES NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG DIVISION

**JULIE ANN HAMSTEAD,**

        Plaintiff,

v.                                                       **CIVIL ACTION NO.: 3:18-CV-79**
                                                           **HON. JUDGE GINA M. GROH**

**WEST VIRGINIA STATE POLICE,**
**TROOPER D.R. WALKER, in his official capacity,**
**CITY OF RANSON, WEST VIRGINIA**
**SARGEANT KEITH SIGULINSKY ,**
**CITY OF CHARLES TOWN, WEST VIRGINIA**
**MASTER PATROLMAN JASON NEWLIN, in his official capacity,**
**THE WEST VIRGINIA DIVISION OF HIGHWAYS,**
**RODNEY D. HEDRICK, SR., in his official capacity,**
**KYLE REED KOPPENHAVER**
**A.B., an unknown individual known as the WVDOH "Muscle Man" on the 2016 Ranson-Charles Town Green Corridor Fairfax Blvd. Project,**
**JEFFERSON CONTRACTING, INC., a corporation,**
**JEFFERSON ASPHALT PRODUCTS COMPANY, a corporation,**
**DALE DEGRAVE,**
**ALLEN SHUTTS,**
**JOHN TIMOTHY MORRIS,**
**WVU HOSPITALS – East, Inc., d/b/a JEFFERSON MEDICAL CENTER,**
**KELLY HALBERT, RN, and,**
**X, Y and Z, unknown persons who conspired and/or aided and abetted in the fabrication**
**of false criminal charges against Julie Hamstead,**

        Defendants.

## CERTIFICATE OF SERVICE

I, Alex M. Greenberg, do hereby certify that the foregoing **Memorandum in Support of The Charles Town General Hospital d/b/a Jefferson Medical Center's Motion to Dismiss** was served upon all parties via the CM/ECF Court System on this the 25th day of May, 2018 to the following counsel of record:

**Braun A. Hamstead, Esq.**
Hamstead & Associates
507 S. Fairfax Blvd.
Charles Town, WV 25414
bhamstead@hamsteadandassociates.com
*Counsel for Plaintiff*

**Keith C. Gamble, Esq.**
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
2414 Cranberry Square
Morgantown, WV 26508
kgamble@pffwv.com
*Counsel for City of Ranson and Sergeant Keith Sigulinsky*

**Duane Ruggier, II, Esq.**
**Matthew Whitler, Esq.**
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street, James Mark Building
Charleston, West Virginia 25301
druggier@pffwv.com
*Counsel for City of Charles Town and Jason W. Newlin*

**Edward Levicoff, Esq.**
The Levicoff Law Firm, P.C.
4 PPG Place, Suite 200
Pittsburgh, PA 15222
elevicoff@levicofflaw.com
*Counsel for Jefferson Contracting, Inc., Jefferson Asphalt Products Company, Dale Degrave, John T. Morris and Allen Shutts*

**Joseph Cramer, Esq.**
Shuman, McCuskey & Slicer, PLLC
116 South Stewart St. First Floor
Winchester, VA 22601
jcramer@shumanlaw.com
*Counsel for the West Virginia Department of Highways, and Rodney D. Hedrick, Sr.*

11

**Monte Williams, Esq.**
Steptoe & Johnson PLLC
Suncrest Center
1085 Van Voorhis Rd #400
Morgantown, WV 26505
monte.williams@steptoe-johnson.com

**Mark Jeffries, Esq.**
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, West Virginia 26330
mark.jeffries@steptoe-johnson.com

**Katherine Moore, Esq.**
Steptoe & Johnson PLLC
Edwin Miller Professional Center
1250 Edwin Miller Blvd., Suite 300
Martinsburg, West Virginia 25404
Katie.moore@steptoe-johnson.com
*Counsel for the West Virginia State Police and Trooper D.R. Walker*

/s/ Alex M. Greenberg
Alex M. Greenberg (WV State Bar #12061)