IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JULIE ANN HAMSTEAD**,

        Plaintiff,

**v.**                                      **CIVIL ACTION NO. 3:18-CV-79 (BAILEY)**

**FORMER TROOPER D.R. WALKER**, individually,

        Defendant.

## ORDER GRANTING MOTIONS FOR ENTRY OF FINAL JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT AS TO ALL DEFENDANTS WHO HAVE BEEN DISMISSED FROM THIS CASE

Currently pending before this Court is a Motion for Entry of Final Judgment as to Jefferson Contracting, Inc., Jefferson Asphalt Products Co., John Timothy Morris, Allen Shutts, and Dale DeGrave ("the Jefferson defendants") [Doc. 156], filed on June 5, 2019.  Also pending before this Court is Defendant Rodney D. Hedrick's ("Hedrick") Motion for Entry of Final Judgment [Doc. 161] and Defendant Rodney D. Hedrick's Amended Motion for Entry of Final Judgment [Doc. 162], both filed on June 11, 2019.[1]  Additionally, Defendants the Charles Town General Hospital d/b/a Jefferson Medical Center and Kelly Halbert's Motion for Entry of Final Judgment ("the hospital defendants") [Doc. 164], filed June 18, 2019, is also pending before this Court.  For the reasons set forth below, the Motions will be granted.

---

[1] This Court notes the substance of the original Motion and the amended Motion are the same.  The amended Motion merely makes a correction regarding the defendants who were remaining in this matter at the time of filing.

## BACKGROUND

On May 30, 2019, this Court granted the Jefferson defendants' motion to dismiss and dismissed all claims against the Jefferson defendants with prejudice. *See* [Doc. 154]. On the same day, this Court also granted Hedrick's motion to dismiss and dismissed all claims against him with prejudice. *See* [Doc. 155]. On June 7, 2019, this Court granted the hospital defendants' motion to dismiss and dismissed all claims against the hospital defendants with prejudice. *See* [Doc. 157]. Now, the Jefferson defendants, Hedrick, and the hospital defendants (collectively "the moving defendants") move in the instant Motions for this Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). One purpose of final certification under Rule 54(b) is "to provide relief to litigants that would suffer undue hardship if final judgment [were] not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." ***Braswell Shipyards, Inc. v. Beazer E., Inc.***, 2 F.3d 1331, 1335 (4th Cir. 1993). District courts have wide discretion to determine the appropriate time to enter judgment under Rule 54(b). ***Curtiss-Wright Corp. v. Gen. Elec. Co.***, 446 U.S. 1, 8 (1980).

"The task which the district court must follow to effectuate a Rule 54(b) certification involves two steps." ***Braswell***, 2 F.3d at 1335. "First, the district court must determine

2

whether the judgment is final." *Id.* A judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" ***Curtiss-Wright***, 446 U.S. at 7 (quoting ***Sears, Roebuck & Co. v. Mackey***, 351 U.S. 427, 436 (1956)). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." ***Braswell***, 2 F.3d at 1335. In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335–36 (quoting ***Allis-Chalmers Corp. v. Phila. Elec. Co.***, 521 F.2d 360, 364 (3d Cir. 1975)); *see also* ***MCI Constructors, LLC v. City of Greensboro***, 610 F.3d 849, 855 (4th Cir. 2010).

## DISCUSSION

Here, these two steps, and the factors to be considered under each, weigh in favor of entry of a final judgment. Clearly this Court's Orders granting the moving defendants' motions to dismiss are an ultimate disposition of the claims addressed therein. This Court granted the moving defendants' motions to dismiss in full and dismissed all claims against the moving defendants with prejudice. No claims remain pending against any of the moving defendants.

Thus, there is no question that the first step is satisfied.[2]

With regard to the second step, this Court concludes that there is no just reason for delaying the entry of judgment here. The first factor in determining whether there is any just reason for delay in entering final certification is the relationship between the adjudicated and unadjudicated claims. Here, all claims against the moving defendants have been dismissed and the moving defendants are no longer named parties in this action. This case is moving forward against Trooper Walker only, and the claims asserted against him are distinct from those asserted against the moving defendants.

Rule 54(b) allows appeal without delay of claims that are separate and distinct from those that remain pending in the district court. *See, e.g.*, ***Continental Cas. Co. v. Anderson Excavating & Wrecking Co.***, 189 F.3d 512, 516 (7th Cir. 1999); ***Ty, Inc. v. Publications Int'l Ltd.***, 292 F.3d 512, 515 (7th Cir. 2002) ("separate" in the Rule 54(b) context does not mean arising under a different statute or legal doctrine but rather means involving different facts). Here, despite plaintiff's argument to the contrary, the remaining claims against Trooper Walker in this action are not interconnected with the claims against the moving defendants that have been dismissed. The claims remaining against Trooper Walker are for excessive force, outrage, and a Fourth Amendment violation. These claims are both factually and legally separable from the claims against the moving defendants that were dismissed (i.e. negligence, abuse of process, etc.), and there is not a substantial factual overlap between the

---

[2] This Court notes plaintiff concedes that the first step in the Rule 54(b) analysis is satisfied by the moving defendants' dismissal from this case with prejudice. *See* [Doc. 166 at 4].

issues decided in this Court's previous Orders and the remaining claims against Trooper Walker.

While all claims in plaintiff's Second Amended Complaint arise from facts that occurred close in time, the claims remaining against Trooper Walker do not arise from the same factual core as those claims asserted against the moving defendants. The remaining claims against Trooper Walker are founded upon *his* alleged forcible detention and arrest of plaintiff, and the totality of *his* alleged conduct during his entire encounter with plaintiff. This alleged conduct—for example, screaming at plaintiff, slamming her to the ground, delaying her transport to the hospital for treatment, insulting her, threatening her, sexually harassing her, etc.—has nothing to do with the moving defendants and presents no meaningful relationship between the claims asserted against Walker and the claims asserted against the moving defendants. Therefore, this factor is in favor of granting the moving defendants final certification.

The second factor to consider is the possibility that the need for review could be mooted by future developments in this Court. This Court sees little to no possibility of this occurring. Plaintiff argues that the need for review "might" be mooted by future developments in this Court because "should the discovery and evidence produced in the case demonstrate that the fabrication allegation is unfounded, or that [the moving defendants] are otherwise exonerated, then an appeal of the Order may be unnecessary" [Doc. 166 at 5]. This Court finds this speculation to be misguided. In a sense, the moving defendants have already been "exonerated" by virtue of this Court's complete dismissal of all claims against them with prejudice. The issue of the moving defendants' culpability is no longer in this case, there will

5

be no discovery produced on this issue, and the moving defendants' purported liability will not be adjudicated further in the remaining case against Trooper Walker. Accordingly, this factor is in favor of granting the moving defendants final certification.

The third factor to consider is the possibility that the reviewing court might be obliged to consider the same issue a second time. In this regard, plaintiff argues the following:

> [G]iven the interconnection between the claims, there exists the possibility that the reviewing court might be obliged to consider the same issue a second time. If, for example, it is determined by this Court that an identified [moving defendant] drove Plaintiff's Honda Pilot after her arrest to provide [Trooper] Walker with the basis to later falsely charge Plaintiff, then this Honorable Court would presumably consider exercising its right to reopen and amend the Order under Rule 54(b) resulting in a second appeal to the Circuit Court of Appeals.

[Id.]. Again, this Court finds plaintiff's argument to be misguided. As explained above, the remaining claims against Trooper Walker are not interconnected with the claims against the moving defendants that have been dismissed, such that the Fourth Circuit would need to revisit the same issues on multiple appeals. Furthermore, as also explained above, the moving defendants' culpability is no longer at issue in this case, and therefore will not be adjudicated further in the remaining case against Trooper Walker. At bottom, if there were an appeal based on the remaining claims against Trooper Walker, the issues decided by this Court with regard to the moving defendants are not issues that the Fourth Circuit would have to reconsider. Thus, this factor also is in favor of granting final certification.

The fourth factor to consider is the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final. Here, no cross-claims or counterclaims were ever filed, and thus no claims exist that could result in a set-off against the judgments sought to be made final. Plaintiff also concedes this point. *See* [Id. at 5] ("[A]

6

set-off claim does not exist against the judgment sought to be made final[.]").  Therefore, this fourth factor is in favor of granting final certification.

Finally, none of the miscellaneous factors militate against certification here.  In fact, certification will substantially advance the final disposition of this action, and stands only to hasten its ultimate adjudication.  Further, this Court agrees with the moving defendants' following argument:

> [V]irtually all of the Plaintiff's varying claims have now been dismissed by the Court with prejudice, and most if not all of those dismissed defendants have now sought certification under Rule 54(b).  Certification would therefore hardly result in "piecemeal appeals"; rather, the vast bulk of the Plaintiff's action would be appealed at once.  In that same vein, certifying the dismissals for immediate appeal rather than awaiting final adjudication of the claims asserted against the lone surviving defendant, [Trooper] Walker, would not only seem to promote judicial economy, but in fact would serve the Plaintiff's interests as well.  The Plaintiff articulates no reason why she would not want immediate appellate review of the decisions dismissing the vast bulk of her case.

[Doc. 167 at 5].  This Court agrees that granting certification promotes judicial economy, as delaying such could result in multiple trials in this action.  Additionally, if certification is not granted, the moving defendants would have to continue to stay abreast of this case, continue to incur fees in that regard, and wait to have their rights finally adjudicated until such time as the plaintiff's claims against the lone surviving defendant reach their ultimate conclusion.

For the foregoing reasons, this Court finds that there is no just reason to delay entry of final judgment as to the moving defendants.  In fact, for these same reasons, this Court finds no just reason to delay entry of final judgment as to all defendants that have been dismissed from this action.  While not all have moved for entry of judgment, all defendants to this action, with the exception of Trooper Walker, have now been dismissed.  This Court finds it

appropriate to enter judgment as to those dismissed defendants that have not moved for certification as well, as not doing so would almost certainly result in piecemeal appeals—exactly what Rule 54(b) attempts to avoid.  *See* **Wright, Miller, & Kane**, *Federal Practice and Procedure*: Civil 4th § 2660 ("There is no specific procedure for obtaining the certification prescribed in Rule 54(b).  In most cases a party simply will file a motion requesting the court to make the determinations required by the rule.  In an appropriate case, the district court may consider the question sua sponte.").

**CONCLUSION**

For the reasons stated above, this Court hereby **GRANTS** the Motion for Entry of Final Judgment as to Jefferson Contracting, Inc., Jefferson Asphalt Products Co., John Timothy Morris, Allen Shutts, and Dale DeGrave **[Doc. 156]**, Defendant Rodney D. Hedrick's Amended Motion for Entry of Final Judgment **[Doc. 162]**, and Defendants the Charles Town General Hospital d/b/a Jefferson Medical Center and Kelly Halbert's Motion for Entry of Final Judgment **[Doc. 164]**.  Accordingly, this Court **CERTIFIES** its Orders granting the various motions to dismiss **[Docs. 151, 154, 155, 157, 196]** are final judgments under Rule 54(b) with regard to the dismissed defendants.  The Clerk is **DIRECTED** to enter judgment in favor of the following defendants: (1) West Virginia State Police; (2) City of Ranson, West Virginia; (3) Sergeant Keith Sigulinsky; (4) City of Charles Town, West Virginia; (5) Officer Jason Newlin; (6) Rodney D. Hedrick, Sr.; (7) Kyle Reed Koppenhaver; (8) "A.B."; (9) Jefferson Contracting, Inc.; (10) Jefferson Asphalt Products Company; (11) Dale DeGrave; (12) Allen Shutts; (13) John Timothy Morris; (14) the Charles Town General Hospital, d/b/a Jefferson Medical Center;

(15) Kelly Halbert, RN; and (16) "X, Y, and Z." Finally, Defendant Rodney D. Hedrick's Motion for Entry of Final Judgment **[Doc. 161]** is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record herein.

**DATED**: September 9, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

9