IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JULIE ANN HAMSTEAD,

           Plaintiff,                      CIVIL ACTION NO.: 3:18-cv-79

v.                                                (Honorable John Preston Bailey)

FORMER TROOPER D.R. WALKER,
           Defendant.

## AGREED PROTECTIVE ORDER

This matter comes before the Court upon the agreement of the parties for the entry of a Protective Order governing the disclosure of (1) sensitive confidential and/or proprietary business information or internal documents; (2) personnel-related documents and information; (3) medical records; and (4) any other confidential document or information. For good cause shown, the Court hereby **ORDERS** that:

       1.       The parties may designate as "CONFIDENTIAL" certain documents, or other pieces of information, that are produced during the course of discovery. By designating the document or piece of information "CONFIDENTIAL," all copies, prints, summaries, or other reproductions of the document or information, in whole or in part, will be subject to this Protective Order. All such documents or pieces of information so produced will be stamped or labeled as "CONFIDENTIAL" to indicate that they are subject to this Protective Order, and reports, deposition testimony or other accounts based upon such documents or tangible items shall be similarly designated in clear terms.

       2.       Those items that may be designated "CONFIDENTIAL" may include, but are not limited to, (1) sensitive confidential and/or proprietary business information or internal

documents; (2) personnel-related documents and information; (3) medical records; and (4) any other confidential document or information.

3. Information and documents subject to this Protective Order may be disclosed only to "qualified persons." The term "qualified persons" is defined as:

a. A party in this litigation, including the party's officers, directors, counsel, insurance adjusters and/or related personnel and management/supervisory employees;

b. Braun A. Hamstead, Esquire, or any other attorney, legal assistant or clerical personnel employed by Hamstead & Associates to whom it is necessary that the material be shown for the purposes of this litigation;

c. Monte' L. Williams, Esquire, Mark G. Jeffries, Esquire, or any other attorney, legal assistant or clerical personnel employed by Steptoe & Johnson PLLC, to whom it is necessary that the material be shown for the purposes of this litigation;

d. Expert witnesses retained to consult or testify on behalf of the parties; provided, however, such expert shall agree to be bound by the terms of this order prior to receiving any confidential documents;

e. Non-party witnesses during depositions provided, however, that such witnesses agree to be bound by the terms of this order prior to viewing any documents and further provided that the party who produced the confidential information shall be given an opportunity to object to the sharing of any confidential documents or information with non-party

10382523.1

witnesses, including the right to seek a protective order from the Court, if necessary;

f. The court reporter or videographer for any depositions in the case;

g. This Court and witnesses testifying during the trial of this lawsuit, provided that the party who produced the confidential information shall be given an opportunity to object to the sharing of any confidential documents or information with witnesses at trial, including the right to seek a protective order from the Court, if necessary; or

h. If this Court so elects, any other person may be designated as a "qualified person" by order of this Court, after notice to all parties and a hearing.

4. Disclosure of either a "CONFIDENTIAL" document or a "CONFIDENTIAL" piece of information shall be made to such "qualified persons" only as necessary for the prosecution or defense of this lawsuit. Designated documents and information are prohibited from being disclosed to any person or in any manner not specified in this Protective Order or used for any purpose other than the prosecution or defense of this lawsuit.

5. All parties are forbidden and prohibited from revealing or disclosing information or documents subject to this Protective Order, except as set forth in this Order.

6. The parties and their representatives shall act to preserve the confidentiality of designated documents or information. When a document subject to this Protective Order is filed with the Court, or when protected information is used in a pleading that is filed with the Court, the cover letter filing such document or pleading shall (1) indicate to the Clerk that material subject to this Protective Order is enclosed, and (2) request that the Clerk file

10382523.1

the material under seal.  The Court does hereby **ORDER** that the Clerk shall receive any papers so designated and shall file them under seal, secure from general public access.

7. In the event that a party or non-party disagrees with the propriety of a party's designation of any item or information as being confidential under this Protective Order, counsel for the objecting party shall serve a written notice upon the other party specifying the item in question.  In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, the objecting party may file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes.  Any such item or items shall continue to be treated as confidential and subject to this Protective Order until the Court rules on the motion.

8. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

9. At trial, exhibits introduced into evidence shall be subject to public scrutiny, unless otherwise ordered by the Court.  If the party that claims a document, testimony, or information is "CONFIDENTIAL" believes that a hearing or trial should be closed, it is the responsibility of the claiming party to make such a request.  However, the failure to request a closed hearing by any party does not constitute a waiver of the protection of this Protective Order.

10. Should any "CONFIDENTIAL" document be inadvertently or otherwise produced without being designated as confidential, such production shall not waive the privilege as to that document or to any other document produced with the proper designation.  However, it

will not be deemed a violation of this Protective Order if such non-designated documents be disclosed to non-qualified individuals.

        11.    Nothing in this Protective Order shall preclude any party from petitioning the Court to amend, modify or appeal all or any portion of this Order for good cause shown.

The Clerk is hereby directed to send certified copies of this Order to all counsel of record.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** _____

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

10382523.1

PREPARED BY:

*/s/ Mark G. Jeffries*
Mark G. Jeffries (WV ID #11618)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
304-933-8000

*Counsel for Defendant Trooper D.R. Walker*

AGREED TO BY:

*/s/ Braun A. Hamstead*
Braun A. Hamstead (WV ID # 1568)
Hamstead & Associates
507 S. Fairfax Blvd.
Charles Town, WV 25414
(304) 725-1468
bhamstead@hamsteadandassociates.com

*Counsel for Plaintiff*

10382523.1